(127 So. 910)

## SHEFFIELD v. STATE.

### 1 Div. 917.

Court of Appeals of Alabama.
April 22, 1930.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

■ This appellant was convicted by the verdict of the jury, under the first count of the indictment, which count charged that he

did manufacture, sell, give away, or have in his possession a still or appliance, or some device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. This verdict operated as an acquittal of the defendant as to the offense charged in the second count of the indictment.

As we view the testimony adduced upon the trial of this case in the court below, there was some slight testimony which tended to connect appellant with the commission of the offense charged in the second count of the indictment, and upon this question the case could properly have been submitted to the jury under the rule that the general affirmative charge should never be given where there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it. This rule, however, in no manner changes the measure of proof in all criminal cases to the effect that the evidence must be sufficient to establish the guilt of the accused beyond a reasonable doubt and to a moral certainty. As stated this question and all questions bearing upon or related to the accusation contained in the second count of the indictment has been concluded by the verdict of the jury in this case, which verdict operated as the acquittal of this appellant on the second count.

The evidence as to the offense charged in the first count was wholly insufficient to meet the burden of proof resting upon the state, and the requested charge as to this count should have been given. The corpus delicti of the offense charged in the first count was not proven and the conviction of this appellant cannot be permitted to stand. For the error in refusing to defendant the affirmative charge as to the first count of the indictment, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.